IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHN CHRISTOPHER WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-003 |
| | ) | |
| RONALD SHEPARD; JERMAINE WHITE; | ) | |
| VERONICA STEWART; DARRELL | ) | |
| WOOTEN; TONJA KEITH; KAREN | ) | |
| THOMAS; GARY FULLER; JACOB | ) | |
| BEASLEY; and PREA AGENCY | ) | |
| COORDINATOR, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On January 24, 2023, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). (See doc. no. 4, pp. 1, 3-4.) Plaintiff was cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See id. at 4.)

Plaintiff submitted his Consent to Collection of Fees form, (doc. no. 5), but asserted prison officials would not return the Trust Fund Account Statement he provided to them. (See doc. no. 6, p. 2.) Thus, on February 24, 2023, the Court entered an order explaining

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments.  (See doc. no. 7, p. 1.)  The Court granted Plaintiff until March 10, 2023, to submit the required Prisoner Trust Fund Account Statement signed by an authorized prison official, and the Court warned Plaintiff that failing to return the required paperwork would be an election to have this case dismissed without prejudice.  (Id. at 1-2.)

The Court also directed the Clerk to serve the Order and a Prisoner Trust Fund Account Statement on the Warden and expressed confidence prison officials would expeditiously fill out the form and return it to Plaintiff.  (Id. at 2.) The Order further explained Plaintiff was responsible for returning the Trust Fund Account Statement to the Court.  (Id.)  Plaintiff's extended deadline has now passed, and he has not submitted the outstanding IFP document as required by the Court's prior Orders.  Nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915). Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed.  When Plaintiff claimed the failure to return the all the necessary paperwork was the fault of prison officials, the Court provided the Trust Fund Account Statement directly to prison officials and directed them to complete the form and return it to Plaintiff.  Yet Plaintiff chose not to return the form.

Therefore, because Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of March, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA