IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOHN CHRISTOPHER WILKERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RONALD SHEPARD; JERMAINE WHITE; ) <br> VERONICA STEWART; DARRELL ) <br> WOOTEN; TONJA KEITH; KAREN ) <br> THOMAS; GARY FULLER; JACOB ) <br> BEASLEY; and PREA AGENCY ) <br> COORDINATOR, ) <br> ) <br> Defendants. ) | CV 323-003 |

**O R D E R**

On January 24, 2023, the Court granted Plaintiff, an inmate formerly incarcerated at Telfair State Prison ("TSP") and now incarcerated at Smith State Prison ("SSP"), permission to proceed *in forma pauperis* ("IFP") conditioned on his return of a Prisoner Trust Fund Account Statement and Consent to Collection of Fees form. (See doc. no. 4.) Plaintiff returned the Consent to Collection of Fees form, (doc. no. 5), but asserted prison officials would not return the Trust Fund Account Statement he provided to them. (See doc. no. 6, p. 2.)

On February 24, 2023, the Court entered an order explaining Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. (See doc. no. 7, p. 1 (citing Wilson

v. Sargent, 313 F.3d 1315, 1319-20 (11th Cir. 2002).)  The Court granted Plaintiff until March 10, 2023, to submit the required Prisoner Trust Fund Account Statement signed by an authorized prison official, and the Court warned Plaintiff that failing to return the required paperwork would be an election to have this case dismissed without prejudice.  (Id. at 1-2.)  The Court also directed the Clerk to serve the Order and a Prisoner Trust Fund Account Statement on the Warden at TSP and expressed confidence prison officials would expeditiously fill out the form and return it to Plaintiff.  (Id. at 2.)

When Plaintiff's extended deadline passed and he had not submitted the outstanding IFP document or otherwise provided the Court with any explanation why he had not complied, on March 17, 2023, the Court recommended dismissing the case without prejudice.  (See doc. no. 8.)  On March 20, 2023, the Clerk of Court docketed a notice of change of address explaining Plaintiff had transferred to SSP on March 7th.  (Doc. no. 10.)  The Court directed the Clerk to re-serve the recommendation for dismissal on Plaintiff at his new address and extended the deadline to object until April 7, 2023.  (Doc. no. 11.)  In objections dated March 24, 2023, Plaintiff explains that prior to his recent transfer to SSP, prison officials at TSP did not return the Trust Account Statement to him.  (Doc. no. 12, p. 2.)  Thus, it appears that prison officials at TSP may not have had time to return the documents to Plaintiff before his transfer, and officials at SSP have not had the benefit of the Court's prior order specifically directing Plaintiff's Trust Account Statement be completed and returned to him.

In an abundance of caution, the Court **VACATES** the March 17, 2023 recommendation for dismissal, (doc. no. 8), and **DIRECTS** the **CLERK** to serve this Order

on Plaintiff's custodian at SSP and include a Prisoner Trust Fund Account Statement with that service copy. The Court is confident prison officials at SSP will expeditiously fill out the form and return it to Plaintiff. Plaintiff must return the Trust Fund Account Statement to the Court by no later than April 24, 2023.

SO ORDERED this 11th day of April, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA