IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHN CHRISTOPHER WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-003 |
| | ) | |
| RONALD SHEPARD; JERMAINE WHITE; VERONICA STEWART; DARRELL WOOTEN; TONJA KEITH; KAREN THOMAS; GARY FULLER; JACOB BEASLEY; and PREA AGENCY COORDINATOR, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Ware State Prison ("WSP"), is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Telfair State Prison ("TSP").

**I.  Background**

In an order dated June 5, 2023, the Court directed Plaintiff to submit an amended complaint because the sixty-five pages of material submitted as the complaint not only ran afoul of the pleading requirements of the Federal Rules of Civil Procedure, but also did not provide the information required from incarcerated litigants proceeding in the Southern District of Georgia. (See doc. no. 19.) Thus, the Court ordered Plaintiff to submit an amended complaint within fourteen days and provided specific instructions regarding

amending the complaint. (See id. at 2-4.) The Court also provided Plaintiff the standard complaint form and cautioned Plaintiff that failing to timely submit an amended complaint would result in a presumption by the Court he desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of this action, without prejudice. (See id. at 4.)

Plaintiff objected to that order, (doc. no. 23), but on June 20, 2023, United States District Judge Dudley H. Bowen, Jr., "fully concur[red] that Plaintiff must submit an amended complaint on the form provided by the Clerk" and extended Plaintiff's compliance deadline for fourteen days. (Doc. no. 24.) Judge Bowen explicitly warned Plaintiff that failure to submit the required amended complaint "will result in dismissal of this case for failure to prosecute." (Id. at 2.) The Clerk also provided Plaintiff another standard complaint form. (Id.)

Plaintiff's only filing since Judge Bowen's June 20th Order is a Motion for Leave to File an Amended Complaint dated June 27, 2023, in which Plaintiff requests to add President Joseph R. Biden as a Defendant because he did not respond to Plaintiff's letters complaining about the conditions at various Georgia prisons. (Doc. no. 25, pp. 1, 5.) That June 27th filing also contains a three-page letter addressed to the Clerk of Court complaining about his treatment at Smith State Prison, WSP, and TSP. (Id. at 2-4.) The motion in no-way evidences any attempt at compliance with the Court's prior orders to file an amended complaint on the standard form used by incarcerated litigants in the Southern District of Georgia. To the contrary, the motion evidences Plaintiff's continued refusal to follow the most basic pleading rules for federal court.

**II.     Discussion**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's June 5th and 20th Orders.  Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to amend his complaint on the standard form as instructed, amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned Plaintiff multiple times that a failure to respond as

3

directed would be an election to have his case voluntarily dismissed. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Cordes v. Chipi, 773 F. App'x 551, 552-53 (11th Cir. 2019) (*per curiam*); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it in accordance with rules and orders of the Court. See Moon, 863 F.2d at 837 ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")

### III.  Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to amend be **DENIED AS MOOT**, (doc. no. 25), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of July, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).